Filed 6/7/24  P. v. Hendrix CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES DUELL HENDRIX,<br><br>    Defendant and Appellant. | F087282<br><br>(Super. Ct. No. DF013161A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Stephanie Renee Childers Stewart, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Levy, Acting P. J., Detjen, J. and Peña, J.

# INTRODUCTION

Defendant James Duell Hendrix was charged with conspiracy to bring drugs into prison (Pen. Code, §§ 182, subd. (a)(1), 4573.6; count 1) and possession of marijuana and THC (§ 4573.6; counts 2 & 4, respectively). It was also alleged defendant had eight strike priors and a prison prior pursuant to section 667.5, former subdivision (b). In 2018, defendant entered a plea to count 2 and admitted the strikes and prison prior. In 2019, he was sentenced to an agreed term of four years on count 2 plus one year for the prison prior for a total of five years. (Undesignated statutory references are to the Penal Code.)

After defendant was referred for resentencing under section 1172.75, the court struck his prison prior enhancement in November 2023 and resentenced defendant to four years on count 2. Defendant appeals from the resentencing order. Counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) asking us to independently review the record; defendant did not file a letter brief.

We affirm.

# FACTUAL AND PROCEDURAL HISTORY

## *Charges, Plea, and Original Sentence*

In 2017, defendant was charged with conspiracy to possess drugs in prison (§§ 182, subd. (a)(1), 4573.6; count 1) and possession of marijuana and THC (§ 4573.6; counts 2 & 4, respectively).[1] It was also alleged defendant had eight strike priors and a prison prior pursuant to section 667.5, former subdivision (b). In 2018, defendant entered a plea of nolo contendere to count 2 and admitted the strike and prison prior allegations. The court granted a motion to strike seven of the strike priors and one of the prison priors.

---

[1]Count 3 was alleged against codefendant Naomi Ruth Hendrix.

In 2019, the court sentenced defendant to an agreed term of five years—a low term of two years on count 2 doubled to four years based upon one strike prior, plus one year for the prison prior. It also imposed a court operations assessment of $40 pursuant to section 1465.8, subdivision (a)(1), a $30 assessment pursuant to Government Code section 70373, a restitution fine of $300 pursuant to section 1202.4, subdivision (b), and a $300 parole revocation fine pursuant to section 1202.45, which was suspended pending successful completion of parole. It further ordered defendant was to receive no credit for time served, as defendant was in custody serving another term.

***Passage of Senate Bill 483 and Enactment of Section 1172.75***

In October of 2021, the Governor signed Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 established a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

3.

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

***Resentencing Proceedings***

On October 31, 2023, the court set a hearing for a petition for resentencing per section 1172.75 and referred the matter to the probation department for it to prepare a supplemental probation report. The probation department submitted an updated presence report on November 27, 2023, in which it discussed section 1172.75, including that pursuant to section 1172.75, subdivision (d)(2) and (3) the court must apply the sentencing rules of the Judicial Council and apply any other changes in laws that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing. It noted the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated. The presence report recommended the court strike the section 667.5 allegation on the grounds it had become legally invalid and recommended no other changes to defendant's sentence.

At the outset of the hearing, the court stated its intention to follow the recommendation by the probation department. Defendant was represented by counsel who asked the court to dismiss the one-year prison prior enhancement and also "consider striking the strike in this case" and sentence defendant to the midterm of three years. The

People argued defendant had eight prior robberies and he "is still committing offenses while confined to a wheelchair." Defense counsel asserted that the code asked the court "to look at things like someone's age and the ability to continue to commit similar crimes or that would be a danger to society. This is possession of a small amount of paraphernalia while inside of the prison." She argued defendant had not "committed any serious crimes," this "has always been a misdemeanor type crime" but it was a felony because it happened in prison. She urged the court to look at defendant's "age and his disabilities" and "use [its] discretion."

The court struck defendant's prison prior enhancement (§ 667.5, former subd. (b)) and resentenced defendant to four years on count 2 (the low term doubled pursuant to the strike prior). It reimposed the same fines and fees and again noted defendant was not entitled to "custody credits in this case pursuant to … Section 2900.5(b) as it will be served consecutive to the Madera County Court Case 12032," but he "is entitled to conduct credits based on the date and status of the incident of this offense and his prior criminal record of 2 for 2."

## DISCUSSION

As noted above, appellate counsel filed a brief pursuant to *Delgadillo* and *Wende* with this court. The brief also included counsel's declaration that defendant was advised he could file his own brief with this court. The court advised defendant by letter that he could file a supplemental letter or brief raising any arguable issues. Defendant failed to do so.

After conducting an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.